IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
SEP 2 9 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:11CR214–HEH |
| ) | |
| TYRE ANTOINE JOHNSON, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Tyre Antoine Johnson, a Virginia inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence ("§ 2255 Motion," ECF No. 82).[1] Johnson has also filed a motion for leave to proceed *in forma pauperis* (ECF No. 83), which the Court will deny as moot because no filing fee is needed for a § 2255 motion. The Government has responded, asserting, *inter alia*, that Johnson's § 2255 Motion is barred by the statute of limitations. (ECF No. 93.) For the reasons set forth below, Johnson's § 2255 Motion will be denied.

### I. PROCEDURAL HISTORY

On August 16, 2011, a grand jury charged Johnson with one count of conspiracy to obstruct, delay, and affect commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Count One"), and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) ("Count Two").

---

[1] The Court employs the pagination assigned to Johnson's § 2255 Motion by the CM/ECF docketing system. The Court corrects the spelling and capitalization in quotations from Johnson's § 2255 Motion.

(Indictment 1–7, ECF No. 1.) On November 22, 2011, Johnson pled guilty without a written plea agreement to Counts One and Two. (Nov. 22, 2011 Tr. 1–4, ECF No. 76.) On March 1, 2012, the Court entered judgment against Johnson and sentenced him to a total of 235 months of imprisonment. (J. 2, ECF No. 67.) The Court sentenced Johnson to 151 months on Count One and 84 months on Count Two, to be served consecutively. (*Id.*) The Court also directed that Johnson's sentence "be served consecutively to the sentence imposed by the Fredericksburg Circuit Court on September 22, 2011." (*Id.*) On June 20, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Johnson's sentence. *United States v. Johnson*, 529 F. App'x 362, 372 (4th Cir. 2013).

On March 7, 2016, Johnson placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 13.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Johnson raises the following claims for relief:

> Claim One: "The Petitioner is actually innocent of his sentence in Count #2 of Indictment, where he pled guilty to a count that charges multiple offenses." (§ 2255 Mot. 4.)
>
> Claim Two: "Trial counsel was ineffective for failure to challenge the duplicity in Count 2 of Indictment." (*Id.* at 6.)
>
> Claim Three: "Appellate counsel was ineffective for failure to raise on direct appeal the duplicity in Count #2 of the Indictment." (*Id.* at 7.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

2

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Because Johnson filed an appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, September 18, 2013, the last date to file a petition for certiorari in the Supreme Court. *See United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days). Hence, Johnson had until Thursday, September 18, 2014, to file any motion under 28 U.S.C. § 2255. Because Johnson did not file his § 2255 Motion until March 7, 2016, the Motion is untimely under 28 U.S.C. § 2255(f)(1).

### B. Actual Innocence

In his § 2255 Motion, Johnson asserts that "[t]he one year statute of [limitations] does not apply in this case because the Petitioner is actually innocent of his sentence in Count #2 (Two) of his indictment." (§ 2255 Mot. 12.) The Supreme Court has

recognized that a convincing claim of actual innocence of the crime of one's conviction may allow a court to consider an otherwise time-barred claim. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933–34 (2013). The Fourth Circuit, however, has concluded that "*McQuiggin* does not apply to habeas claims based on actual innocence of a sentence." *United States v. Jones*, 758 F.3d 579, 587 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1467 (2015). Thus, Johnson has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[2]

### III. CONCLUSION

For the foregoing reasons, Johnson's § 2255 Motion (ECF No. 82) will be denied. Johnson's motion for leave to proceed *in forma pauperis* (ECF No. 83) will be denied as moot. The action will be dismissed as barred by the statute of limitations. A certificate of appealability will be denied.

An appropriate Order shall issue.

                                           /s/
                                 HENRY E. HUDSON
                                 UNITED STATES DISTRICT JUDGE

Date: Sept. 29, 2016
Richmond, Virginia

---

[2] Neither Johnson nor the record suggests a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or for equitable tolling.