IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 3:11CR214-3–HEH |
| v. ) | |
| ) | |
| TYRE ANTOINE JOHNSON, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
**(Dismissing Successive § 2255 Motion)**

By Memorandum Opinion and Order entered on September 29, 2016, the Court denied a 28 U.S.C. § 2255 motion filed by Tyre Antonio Johnson. (ECF Nos. 94, 95.) On June 23, 2020, Johnson, by counsel, filed a second and successive § 2255 motion. ("Successive § 2255 Motion," ECF No. 103.) The same day, Johnson filed an application to file a successive § 2255 motion with the United States Court of Appeals for the Fourth Circuit. That application has not been granted.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court has not received authorization from the Fourth Circuit to file the Successive § 2255 Motion. Moreover, Johnson fails to demonstrate why a protective § 2255 motion is appropriate. Johnson fails to identify any authority that would allow the Court to stay these proceedings pending the Fourth Circuit's grant or denial of permission to file a successive § 2255 motion. Simply put, the gatekeeping mechanism of § 2244(b)(3)(A) deprives this Court of jurisdiction at this time. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007). Accordingly, the Successive § 2255 Motion (ECF No. 103) will be dismissed for want of jurisdiction. A certificate of appealability will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Johnson has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will follow.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: June 23, 2020
Richmond, Virginia