IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
) Criminal No. 3:11CR214–3–HEH
v. )
)
TYRE ANTOINE JOHNSON, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

By Memorandum Opinion and Order entered on September 29, 2016, the Court denied a 28 U.S.C. § 2255 motion filed by Tyre Antonio Johnson. (ECF Nos. 94, 95.) On June 23, 2020, Johnson, by counsel, filed a second and successive § 2255 motion. ("Successive § 2255 Motion," ECF No. 103.) The same day, Johnson filed an application to file a successive § 2255 motion with the United States Court of Appeals for the Fourth Circuit. The application has not been granted. Accordingly, by Memorandum Opinion and Order entered June 23, 2020, the Court dismissed the Successive § 2255 Motion without prejudice for want of jurisdiction. (ECF Nos. 107, 108.) The following day, Johnson moved for reconsideration under Federal Rule of Civil Procedure 59(e). (ECF No. 113.)

The Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing

*Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Although Johnson fails to identify on what ground he seeks relief, he apparently argues that Rule 59(e) relief should be granted to correct a clear error of law or to prevent manifest injustice. Johnson, however, fails to demonstrate that the Court committed any error of law or that it is necessary to correct the prior decision in order to prevent manifest injustice. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("[A] Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))). As previously explained, the Court has not received authorization from the Fourth Circuit to file the Successive § 2255 Motion and, thus, the Court lacks jurisdiction at the time. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007). Therefore, Johnson's Motion for Reconsideration (ECF No. 113) will be denied. A certificate of appealability will be denied.

An appropriate Order will follow.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Jan. 19, 2021
Richmond, Virginia