IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,          )
                                   )
v.                                 )  Criminal Action No. 3:11CR214–HEH–03
                                   )
TYRE ANTOINE JOHNSON,              )
                                   )
          Defendant.               )

## MEMORANDUM OPINION
### (Granting § 2255 Motion)

Tyre Antoine Johnson, a federal inmate proceeding with counsel, filed this

successive 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 139), arguing that his

firearm conviction is invalid under *Johnson v. United States*, 576 U.S. 591 (2015). The

Government has filed its Response and concedes that Johnson is entitled to relief. For the

reasons stated below, the § 2255 Motion will be granted.

## I.     PROCEDURAL HISTORY

On August 16, 2011, a grand jury charged Johnson with one count of conspiracy

to obstruct, delay, and affect commerce by robbery, in violation of 18 U.S.C. § 1951(a)

(Count One), and one count of using, carrying, and brandishing a firearm during and in

relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two).

(Indictment 1–7, ECF No. 1.) On November 22, 2011, Johnson pled guilty to Counts

One and Two without a plea agreement. (ECF No. 22.) On March 1, 2012, the Court

entered judgment against Johnson and sentenced him to a total of 235 months of

imprisonment. (J. 2, ECF No. 67.) The Court sentenced Johnson to 151 months on

Count One and 84 months on Count Two, to be served consecutively. (*Id.*) The Court

also directed that Johnson's sentence "be served consecutively to the sentence imposed by the Fredericksburg Circuit Court on September 22, 2011." (*Id.*) Johnson appealed. On June 20, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Johnson's convictions and sentence. (ECF No. 78.)

By Memorandum Opinion and Order entered on September 29, 2016, the Court denied Johnson's first § 2255 motion. (ECF Nos. 94, 95.) On June 23, 2020, counsel filed a second, successive, § 2255 motion that the Court denied because Johnson had not received permission from the Fourth Circuit to file a successive § 2255 motion. (*See* ECF Nos. 103, 107, 108.) By Memorandum Opinion and Order entered on January 19, 2021, the Court denied a motion for reconsideration filed by Johnson. (ECF Nos. 128, 129.) On April 1, 2021, the Fourth Circuit granted Johnson permission to file a successive § 2255 motion. (ECF No. 133.) On May 10, 2021, Johnson filed the present § 2255 Motion. Johnson argues that his conviction and sentence in Count Two must be vacated in light of *Johnson v. United States*, 576 U.S. 591 (2015). The Government agrees that Johnson is entitled to relief.

## II.  ANALYSIS

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 606.[1] The

---

[1] The ACCA provides that

[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed

2

*Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C.

§ 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the

clause encompassed "conduct that presents a serious potential risk of physical injury to

another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently,

in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson*

announced a substantive rule [of law] that has retroactive effect in cases on collateral

review." *Id.* at 1268.

In his § 2255 Motion, Johnson asserts that after *Johnson*, conspiracy to commit

Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C.

§ 924(c)(3), and thus, his conviction for Count Two must be vacated. As explained

below, recent decisions from the Supreme Court and the Fourth Circuit support Johnson's

challenge to Count Two where his firearm conviction was predicated upon conspiracy to

commit Hobbs Act robbery.

### A.    Conspiracy to Commit Hobbs Act Robbery Cannot Serve As a Valid Predicate Crime of Violence for the § 924(c) Charge in Count Two

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of

imprisonment when a defendant uses or carries a firearm in furtherance of a crime of

violence. The baseline additional period of imprisonment is five years. 18 U.S.C.

§ 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of

---

> on occasions different from one another, such person shall be fined under
> this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the

defendant discharges the firearm, the additional period of imprisonment increases to at

least ten years. *Id.* § 924(c)(1)(A)(iii).

At the time of Johnson's convictions, the United States could demonstrate that an

underlying offense constitutes a crime of violence if it established that the offense is a

felony and satisfies one of two requirements. Namely, the statute defined a crime of

violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical
> force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the
> person or property of another may be used in the course of committing the
> offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause. *United*

*States v. Davis*, 139 S. Ct. 2319, 2336 (2019) ("[Section] 924(c)(3)(B) is

unconstitutionally vague.").

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or

affects commerce or the movement of any article or commodity in commerce, by robbery

. . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). That statute defines

"robbery" as:

> the unlawful taking or obtaining of personal property from the person or in
> the presence of another, against his [or her] will, by means of actual or
> threatened force, or violence, or fear of injury, immediate or future, to his [or
> her] person or property, or property in his [or her] custody or possession, or
> the person or property of a relative or member of his [or her] family or of
> anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). The Fourth Circuit has determined that conspiracy to commit Hobbs

Act robbery fails to satisfy the Force Clause. *See United States v. Simms*, 914 F.3d 229

Act robbery fails to satisfy the Force Clause. *See United States v. Simms*, 914 F.3d 229

(4th Cir. 2019).

In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery

and to brandishing a firearm during and in relation to a "crime of violence," but later

challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not

be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). 914 F.3d at 232–33.

Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as
> a crime of violence under the [Force Clause], as the United States now
> concedes. This is so because to convict a defendant of this offense, the
> Government must prove only that the defendant agreed with another to
> commit actions that, if realized, would violate the Hobbs Act. Such an
> agreement does not invariably require the actual, attempted, or threatened
> use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit

concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236; *accord*

*Davis*, 139 S. Ct. at 2336.

In the wake of *Davis* and *Simms*, the Government concedes that conspiracy to

commit Hobbs Act robbery cannot serve as a valid predicate crime of violence for a

§ 924(c) charge and agrees that the conviction for Count Two and the 84-month sentence

should be vacated. (ECF No. 118–1, at 1.)

### B.    Count Two Must Be Vacated

In light of *Davis*'s invalidation of the Residual Clause and the Fourth Circuit's

determination in *Simms* that conspiracy to commit Hobbs Act robbery is not a valid

predicate violent felony under the Force Clause, Johnson's conviction in Count Two and

### C.    The Matter Will Be Set for a Resentencing

The Government requests that the Court "should order a resentencing at which defendant and the government can urge an appropriate new sentence" for remaining Count One. (ECF No. 145 at 4.)  Johnson has not objected to a resentencing. Accordingly, the Court will vacate the Judgment entered on June 20, 2013.  The matter will be set for a resentencing on Count One.

## III.    CONCLUSION

The § 2255 Motion (ECF No. 139) will be granted.  Johnson's conviction and 84-month sentence for Count Two will be vacated.  The Judgment will be vacated, and the matter will be set for a resentencing on Count One.

An appropriate Order shall accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: June 29, 2021
Richmond, Virginia